FILED
United States Court of Appeals
Tenth Circuit

August 23, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

JUANITA VARELA-CARDOZA,

Petitioner,

v.

ERIC H. HOLDER, JR.,
United States Attorney General,

Respondent.

No. 11-9571
(Petition for Review)

ORDER AND JUDGMENT[*]

Before **MATHESON**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and **BALDOCK**, Circuit Judge.

Juanita Varela Cardoza petitions for review of a decision by the Board of

Immigration Appeals (BIA) affirming the immigration judge's (IJ) denial of her

application for restriction on removal and relief under the Convention Against

Torture (CAT). Exercising jurisdiction under 8 U.S.C. § 1252, we deny the petition.

---

[*]      After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## *Background*

Ms. Varela Cardoza is a native and citizen of Honduras. She claimed eligibility for asylum and restriction on removal (formerly known as withholding of removal) on account of being a member of particular social groups, namely her husband's family and her father's family.

Ms. Varela Cardoza's husband was a police officer who was violent and abusive. While she was pregnant with their first child, he was killed under mysterious circumstances in Honduras; Ms. Varela Cardoza believes he had many enemies and was involved with drugs and gangs. As for her father, during her pregnancy Ms. Varela Cardoza was a witness when he killed another man in his village. Her father told her that the victim's family would seek revenge on her. After the death of her husband and the birth of her son, her father arranged for her to go the United States, where her mother (who had divorced her father years earlier) and numerous siblings were living. She arrived in the United States in March 2002. Her father was killed in his village later that year.

In a written decision, the IJ rejected Ms. Varela Cardoza's application for asylum because it was untimely and there were no exceptional circumstances that justified the delay in filing. The IJ also denied her applications for restriction on removal and CAT relief. Issuing its own single-member order, the BIA affirmed.

*Analysis*

The BIA's decision is the final order of removal that is under review. *See Uanreroro v. Gonzales*, 443 F.3d 1197, 1204 (10th Cir. 2006). We review the BIA's legal determinations de novo and its factual findings for substantial evidence. *See Rivera-Barrientos v. Holder*, 666 F.3d 641, 645 (10th Cir. 2012). Under the substantial-evidence standard, "the BIA's findings of fact are conclusive unless the record demonstrates that any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (brackets and internal quotation marks omitted). Only restriction of removal and CAT relief are relevant to this appeal, as Ms. Varela Cardoza does not appeal the denial of asylum.

To be eligible for restriction on removal, an applicant must demonstrate that she experienced past persecution, or that it is more likely than not that she will experience future persecution, on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3); 8 C.F.R. § 1208.16(b). Ms. Varela Cardoza argues that the BIA erred in concluding that she had not demonstrated her membership in a particular social group. She further asserts that, once the BIA mistakenly made this initial determination, it then erred in failing to analyze her eligibility for restriction on removal.

But the BIA did not deny relief because Ms. Varela Cardoza failed to demonstrate she was a member of a particular social group. Rather, it appears to have assumed that her husband's family and her father's family could constitute the

- 3 -

requisite social groups, and then held that she had not demonstrated past persecution or the likelihood of future persecution on account of being a member of those groups. This determination is supported by substantial evidence in the record. Regarding her husband's family, as the BIA stated, Ms. Varela Cardoza failed to "present[] evidence to establish that she would be targeted by anyone because of her marriage." Admin. R. at 5. Her testimony indicates that she has very little knowledge about her husband's activities, and her expressed fears largely were grounded in speculation. Regarding her father's family, none of her three half-siblings (all of whom are children of her father) have suffered harm in Honduras. Thus, the BIA did not err in denying the application for restriction on removal.

Ms. Varela Cardoza also argues that the BIA erred in affirming the IJ's denial of CAT relief. The BIA held that she "did not meet her burden to show that more likely than not, she would be tortured by, or at the instigation of, or with the consent or acquiescence of, government officials or persons acting in an official capacity, upon return to Honduras." *Id.* It continued, "[she] was not tortured in the past in Honduras." *Id.* Ms. Varela Cardoza contends that "[t]he BIA erroneously only considered the fact that Varela Cardoza had not been tortured in the past." Aplt. Br. at 21.

To obtain relief under the CAT, an applicant must show that it is more likely than not that, if she is removed, she will be subjected to torture. 8 C.F.R. § 1208.16(c)(2). "Torture" is defined as pain and suffering which "is inflicted by or

at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Id.* §§ 1208.18(a)(1), 1208.16(c)(1). Although the BIA specifically mentioned the lack of past torture, that was not the only basis for its decision. It also noted the requirement of government involvement, and there is no evidence that any harm that might befall Ms. Varela Cardoza in Honduras would involve government officials or persons acting in an official capacity. Accordingly, the BIA did not err in denying CAT relief.

The petition for review is DENIED.

Entered for the Court

John C. Porfilio
Senior Circuit Judge